ELIZA E. FISHER, Applt., *vs.* ARTHUR W. NELKE.

Androscoggin.    Opinion October 21, 1915.

*Lease.    Mutual Consent.    Notice to Quit.    Rent.    R. S., Chap. 96,
Sect. 2.    Termination of tenancy at will.
Tenancy at will.    Waiver.*

1.  In an action for rent under a written lease, an agreement during the life
    of the lease. that lessee should have the privilege of vacating any time
    after the expiration of the lease by paying for the actual time of occupa-
    tion, is not binding.
2.  The termination of a tenancy by mutual agreement must be in accordance
    with R. S., Chap. 96, Sec. 2, and that this section applies only to tenancies
    at will. .

On exceptions by defendant.    Exceptions overruled.

An action of assumpsit to recover for use and occupation of a
tenement situate on Main street in Lewiston, from December 1,
1914 to January 1, 1915.    Plea, the general issue.    At the conclusion
of the evidence, the Justice presiding directed a verdict for the plain-
tiff.    To this ruling the defendant excepted.

The case is stated in the opinion.

*Franklin Fisher,* for plaintiff.

*McGillicuddy & Morey,* for defendant.

SITTING:    SPEAR, KING, BIRD, HALEY, HANSON, JJ.

SPEAR, J.    This is an action of assumpsit for rent.    On November
1, 1913, the plaintiff gave a written lease of the premises in question
to the defendant, for one year.    After the expiration of the lease,
November 1, 1914, the defendant remained on the premises until
December 4th following, and was, at this date, a tenant at will.    The
plaintiff seeks to recover for the whole month of December, while
the defendant contends he was responsible for only the four days he
was in actual occupation.    The plaintiff filed an affidavit, under the
statute, of the amount due her, which made a prima facie case, and

threw the burden upon the defendant to show why she should not recover. This burden he assumes by setting up an oral agreement with the plaintiff's agent whereby he says it was mutually agreed that he should have the privilege of vacating the premises, at any time, after the expiration of the lease, by paying rent for the actual time he occupied them. After the testimony was all in the presiding Justice ordered a verdict for the plaintiff, and the case comes here on exceptions to that ruling. The only issue in the case, accordingly, is whether the defendant upon his own testimony has sustained the burden of proof.

It appears that, during the life of the lease, the plaintiff had an opportunity to sell the premises and had some conversation with the defendant about moving out, and offered him one hundred dollars if he would vacate so she could sell; but the defendant declined, saying it was his intention to buy the property for himself. Following this conversation, the agreement which the defendant claims, regarding notice and vacating the premises, may be found in the following testimony of the defendant. On direct examination this appears. Q. Now, then, what conversation did you have, if any, about moving out without notice, and with whom was it had? A. I leased the property with the intention of buying it. They had it for sale, and he came to me— Q. Who did? A. Mr. Fisher, during that period I had it, and wanted to know if I was going to buy it. I told him I thought I was. "Well" he says, "I have got a chance to sell, and I will give you $100 if you will let me have that chance." Well, my intention was to buy the property, which I didn't buy; but he said after the lease, this property was for sale, and "if you don't buy it I shall expect you to move out any minute that I get a chance to sell it." That was the understanding, that I should have to move any time that he had a chance. Q. What did he say about your giving him notice, or you giving him no notice? A. That I shouldn't give him any notice, and he wouldn't give me any; that I should move out any minute, or I should have the privilege of moving out any minute.

On cross-examination he further says: Q. No, answer the question. I want to know. You testified on direct that you had a conversation with me about terminating your tenancy. Is that

right? A. Isn't it? Q. Is that true? A. That is true. Q. Where did yuo have it with me? A. Up in the office. Q. Whose office? A. My office. Q. And what time? A. When you offered me $100 bonus, you remember. Q. When did I offer that? A. Didn't you offer me that? Q. When did I offer it? A. I can't tell you the date. Q. Was it June, July or August, or when. A. I couldn't tell you the date. Q. Can you tell me whether it was when the lease was still in force. A. Yes, sir. Q. What was the conversation? A. That you had a chance to sell the property, and you offered me $100, or you would give me $100 if I would move. Q. Did you accept? A. It don't look as though I did, does it? Q. Was there any other conversation? A. Yes, sir. Q. What was it. Repeat it. A. If I didn't buy the property you would expect me to move at once. I think that is what you said. Q. Was that during the time of the lease? A. Yes, sir. Q. I expected you to move at once? A. Expected me to move at once, or give me time to move from one building to the other. I expected to buy the property.

It is admitted by the defendant that the conversation or agreement here testified to took place some time during the time covered by the lease. We are in doubt, however, as to whether the agreement as testified to by the defendant, meant that after the expiration of the lease he should have the privilege of moving out at any time, as seems to be stated in the first part of his testimony where he says, "but he said after the expiration of the lease this property was for sale and if you don't buy it I shall expect you to move out any minute that I get a chance to sell it," or whether, as stated in his cross-examination, "If I didn't buy the property you would expect me to move at once." If the latter is the correct version, and the agreement was to terminate the tenancy during the life of the lease, it was clearly nugatory. If the former is the correct version, we think it must fail because the purported agreement was made while the written lease was in force and before any tenancy at will existed. The termination of the tenancy by agreement must be in accordance with the provision of the statute. R. S., Chapter 96, Section 2, provides: "Tenancies at will may be determined by either party, by thirty days' notice in writing for that purpose, given

to the other party, and not otherwise save by mutual consent, excepting cases where the tenant, if liable to pay rent- shall not be in arrears at the expiration of the notice, in which case the thirty days' notice aforesaid shall be made to expire upon a rent day. Either party may waive in writing said thirty days notice, or any part thereof."

It will be here noted that this section applies only to tenancies at will. Everything contemplated under it is predicted upon the existence of such a tenancy. It is therefore evident that an agreement made in regard to the manner of vacating certain premises which at the time of the agreement are not a tenancy at will at all, cannot prevail. It would be extending the scope of the statute to a thing not *in esse.* The ruling of the presiding Justice was correct.

*Exceptions overruled.*