STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-00-098
NM-cum-4/10/2001

LOUISE MURPHY,

Plaintiff

vs.                                        DECISION AND ORDER

ROBERT HAINS,

Defendant

The defendant appeals the decision of the District Court in this forcible entry and detainer action. The court determined that the plaintiff was entitled to possession of both apartments but not to the storage area.

The lease for apartment #2 expired at noon on 12/30/99.[1] The lease for apartment #3 expired at noon on 9/30/00. The notice to quit was served for both apartments on 9/1/00 with a termination date of 10/1/00. The defendant argues that the notice of termination for apartment #3 was defective because it was served prematurely and because it did not contain required statements identified in the lease agreements.

Based on the transcript of the hearing dated 10/18/00, the District Court's findings of fact and conclusions of law, and the submissions of the parties, the court concludes that the District Court was correct in determining that any procedural errors did not require dismissal of the complaint and that the plaintiff rebutted the

---

[1]The court incorrectly found that both leases expired at midnight, 9/30/00. Findings of Fact and Conclusions of Law, ¶ 1.

presumption that the eviction was retaliatory. See 14 M.R.S.A. §§ 6001 & 6002 (Supp. 2000); Transcript at 9, 11-13, 17, 28-29; 14. The District Court was incorrect in determining that the notice to quit with regard to apartment #3 was sufficient to terminate that tenancy. See 14 M.R.S.A. § 6002; Fisher v. Nelke[2], 114 Me. 112, 114-15, 95 A. 508, 509-10 (1915); Transcript at 16.

The entry is

> With regard to Apartment #2 at 14 Taylor St., Portland, Maine, the Defendant's Appeal is DENIED and the Decision of the District Court is AFFIRMED. With regard to Apartment #3 at 14 Taylor St., Portland, Maine, the Defendant's Appeal is SUSTAINED and the Decision of the District Court is REVERSED. Case REMANDED to the District Court for further proceedings consistent with this Order.

Dated: April 9, 2001

Nancy Mills
Justice, Superior Court

---

[2]This case was based on R. S. ch. 96, § 2 (1903), the predecessor to 14 M.R.S.A. § 6002. In 1971, the statute was amended to replace the phrase "[t]enancies at will may be determined" with "[t]enancies at will may be terminated." See P. L. 1971, ch. 322, § 1.

Date Filed __12-7-00__ __CUMBERLAND__ Docket No. __AP00-98__
County

Action __DISTRICT COURT APPEAL - FED__

LOUISE V. MURPHY                                    ROBERT HAINS

vs.

Plaintiff's Attorney                    | Defendant's Attorney

NICHOLAS WALSH ESQ                       | DAVID VAN BAARS ESQ
111 Commercial Street                    | 11 Lisbon Street
Portland ME 04101                        | Lewiston ME 04240

Date of